# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES SCOTT, JR.,<br>Petitioner,<br><br>vs.<br><br>WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:19-cv-22<br><br>Cole, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the London Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 2). This matter is before the Court on respondent's return of writ (Doc. 9) and petitioner's reply. (Doc. 12). For the reasons stated below, the undersigned recommends that the petition be denied on the ground that it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On February 25, 2005, the Warren County, Ohio, grand jury returned a nine-count indictment charging petitioner with seven counts of trafficking in cocaine and two counts of possession of cocaine. (Doc. 8, Ex. 1). Petitioner entered a not guilty plea. (Doc. 8, Ex. 2).

Following a jury trial, petitioner was found guilty on all counts charged in the indictment. (Doc. 8, Ex. 4). However, after the case was submitted to the jury for deliberation, but prior to the verdict petitioner absconded. (*See* Doc. 8, Ex. 11 at PageID 163). Petitioner was apprehended seven years later and returned to Warren County for sentencing. (*Id.*). On June 5, 2012, petitioner was sentenced to a total aggregate prison sentence of 18 years in the Ohio Department of Corrections. (Doc. 8, Ex. 5).

## Direct Appeal

On June 13, 2012, petitioner, through new counsel, filed a notice of appeal to the Ohio Court of Appeals. (Doc. 8, Ex. 6). Petitioner raised the following three assignments of error in his merit brief:

1. Appellant's trial counsel was ineffective and appellant was prejudiced thereby.

2. The trial court erred in overruling appellant's motion for criminal rule 29 acquittal when venue was not established as to counts one (1) through five (5) of the indictment.

3. The trial court erred in imposing a sentence on count one (1) that exceeded the applicable sentencing range for the conviction.

(Doc. 8, Ex. 7). On July 1, 2013, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 8, Ex. 11).

Petitioner did not seek review of the decision in the Ohio Supreme Court.

## Motion for Post-Conviction Relief

On August 2, 2017, more than four years later, petitioner filed a "Motion to Correct Void Sentence and/or Judgment." (Doc. 8, Ex. 12). On September 5, 2017, the trial court determined the motion was barred by the doctrine of *res judicata*. (Doc. 8, Ex. 14).

On October 27, 2017, petitioner filed a notice of appeal and motion for leave to file a delayed appeal. (Doc. 8, Ex. 15–17). On December 7, 2017, the Ohio Court of Appeals denied petitioner's motion for leave to file a delayed appeal as unnecessary because the trial court decision was not properly served and accepted the appeal as being timely filed. (Doc. 8, Ex. 18). In his merit brief, petitioner asserted the following single assignment of error:

> Trial court erred by failing to make the requisite statutory findings pursuant to O.R.C. 2929.14(C)(4), prior to imposing consecutive sentencing, violating

appellant's right of due process of law, as guaranteed by the 5th and 14th Amendment, United States Constitution; Section 16, Article 1, Ohio Constitution.

(Doc. 8, Ex. 19). On June 18, 2018, the Ohio appeals court overruled petitioner's assignment of error and affirmed the judgment of the trial court. (Doc. 8, Ex. 22). Petitioner unsuccessfully sought reconsideration of the decision. (Doc. 8, Ex. 23–25).

On October 5, 2018, petitioner filed a pro se notice of appeal to the Ohio Supreme Court. (Doc. 8, Ex. 26). Petitioner raised the following single proposition of law in his memorandum in support of jurisdiction:

> Appellant's rights of Due Process, as guaranteed by the 5th and 14th Amendments, United States Constitution; Section 16, Article 1, Ohio Constitution violated, by Trial Court's failure to make the requisite Statutory findings pursuant to R.C. 2929.14(C)(4), prior to imposing consecutive sentencings.

(Doc. 8, Ex. 27). On December 12, 2018, the Ohio Supreme Court declined to accept jurisdiction over the appeal. (Doc. 8, Ex. 29).

**Federal Habeas Corpus**

On December 24, 2018, petitioner commenced the instant federal habeas corpus action.[1] Petitioner raises the following two grounds for relief in the petition:

> **GROUND ONE**: Due Process, as guaranteed by the 5th and 14th Amendment, United States Constitution, violated; Sect. 16, Art. 1 Ohio violated, Trial Court's failure to make the requisite statutory findings pursuant to R.C. 2929.14(C)(4), prior to imposing consecutive sentencing.
>
> **GROUND TWO**: Due Process as guaranteed by the 5th and 14th Amendments, United States Constitution violated, Sect. 16, Article I, Ohio Constitution, Sentence

---

[1] The petition was filed with the Court on January 7, 2019. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on December 24, 2018. (*See* Doc. 2 at PageID 15). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on December 24, 2018.

exceeds term authorized by law. Sentence term exceeds the maximum sentence authorized by law.

(Doc. 2 at PageID 6–7).

Respondent has filed a return of writ in opposition to the petition, to which petitioner has replied. (Doc. 9, 12). According to respondent, petitioner's grounds for relief are time-barred, not cognizable, and procedurally defaulted.

## II. THE PETITION SHOULD BE DENIED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged

4

that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during sentencing. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, petitioner's conviction and sentence became final on August 15, 2013, upon the expiration of the 45-day period for filing an appeal as of right from the court of appeals' July 1, 2013 judgment entry dismissing his appeal. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute commenced running on August 16, 2013, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on August 16, 2014, absent the application of statutory or equitable tolling principles.[2]

During the one-year limitations period, petitioner was entitled to tolling of the statute

---

[2] Petitioner argues that the limitations period did not begin to run until the Ohio Supreme Court denied his appeal from his motion to correct void sentence on December 12, 2018. (*See* Doc. 12 at PageID 647–49). However, as discussed below, while a properly filed application for state post-conviction relief may statutorily toll the limitations period, it does not revive the limitations period once it has expired or otherwise impact date on which petitioner's conviction became final under 28 U.S.C. § 2244(d)(1). *See Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). For the reasons stated above, petitioner's conviction and sentence became final, pursuant to 28 U.S.C. § 2244(d)(1)(A), upon the conclusion of direct review.

under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 1,447 days before petitioner filed his August 2, 2017 post-conviction motion. Because petitioner's motion was filed after the one-year statute of limitations had already expired, statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602. Therefore, petitioner is not entitled to statutory tolling based on the untimely application. *See Allen,* 552 U.S. at 5-6; *see also Pace,* 544 U.S. at 413-14; *Vroman,* 346 F.3d at 603.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall,* 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner is not entitled to equitable tolling in this case. Petitioner argues that he pursued his August 2, 2017 post-conviction motion and appeal after discovering the alleged sentencing error. He further contends that the post-conviction motion was timely and that he filed his federal habeas petition within one year of the Ohio Supreme Court's December 12, 2018 denial of his subsequent appeal. (*See* Doc. 2 at PageID 14; Doc. 12 at PageID 647–49). Although petitioner claims he was diligent in pursuing relief in the state courts, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether

7

petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited more than five years—from August 16, 2013 until December 24, 2018—to file his habeas petition after his conviction and sentence became final.[3] Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner is therefore not entitled to equitable tolling.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on August 15, 2013. The limitations period ran for 365 days and expired on August 16, 2014. Statutory or equitable tolling principles do not apply to extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, petitioner's habeas corpus petition, filed on

---

[3] Petitioner also waited more than two years—from August 2, 2017 (the date upon which he filed his post-conviction motion) until December 24, 2018—to file his habeas petition after he claims he discovered the alleged sentencing error.

8

December 24, 2018, is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DENIED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/13/20

Karen L. Litkovitz
United States Magistrate Judge

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SCOTT, JR.,
Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:19-cv-22

Cole, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).