# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**JAMES SCOTT JR.,**

   **Petitioner,**

           **Case No. 1:19-cv-22**
  **v.**            **JUDGE DOUGLAS R. COLE**
                **Magistrate Judge Karen L. Litkovitz**

**WARDEN, LONDON**
**CORRECTIONAL INSTITUTION,**

   **Respondent.**

## OPINION & ORDER

This cause comes before the Court on Petitioner James Scott Jr.'s Objections (Doc. 16) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 14) suggesting the Court deny Scott's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. 2) as time-barred under 28 U.S.C. § 2241(d)(1). For the reasons below, the Court **OVERRULES** Scott's Objections (Doc. 16), **ADOPTS** the Magistrate Judge's R&R (Doc. 14), and **DENIES** Scott's Section 2254 Petition (Doc. 2).

## BACKGROUND

On February 25, 2005, a Warren County grand jury returned a nine-count indictment charging Scott with seven counts of cocaine trafficking and two counts of cocaine possession. (State Record, Ex. 1, Doc. 8, #37–52). Scott pled not guilty on all counts. (*Id.*, Ex. 2, #53).

Scott then proceeded to a jury trial. (*Id.*, Ex. 4, #72). After the jury began deliberating and before entering a verdict, Scott absconded. (Ex. 4, #72). The jury then found Scott guilty on all charges. (*Id.*, Ex. 3, #54–71).

Seven years later, authorities apprehended Scott and returned him to Warren County for sentencing for the cocaine possession and trafficking charges. (*Id.*, Ex. 5, #73–75). On May 30, 2012, the Warren County Court of Common Pleas sentenced Scott to 18 years of imprisonment. (*Id.*).

Two weeks later, on June 13, 2012, Scott (through new counsel) filed a notice of appeal to the Twelfth District Court of Appeals. (*Id.*, Ex. 6, #76–82). He raised three assignments of error:

1. Appellant's trial counsel was ineffective and appellant was prejudiced thereby.

2. The trial court erred in overruling appellant's motion for criminal rule 29 acquittal when venue was not established as to counts one (1) through five (5) of the indictment.

3. The trial court erred in imposing a sentence on count one (1) that exceeded the applicable sentencing range for the conviction.

(*Id.*, Ex. 7, #86).

On July 1, 2013, the Twelfth District overruled Scott's assignments of error and affirmed the judgment of the trial court. (*Id.*, Ex. 11, #160–84). Scott did not seek review by the Supreme Court of Ohio.

More than four years later, on August 2, 2017, Scott (on his own behalf) filed a "Motion to Correct Void Sentence and/or Judgment" in the Warren County Court of Common Pleas. (*Id.*, Ex. 12, #185–90). (The Magistrate Judge in his R&R concluded that this second round of state filings constituted Scott seeking post-conviction relief. Scott seems to agree with this characterization, as he refers to this August 2017 filing as proof that he diligently pursued relief in "State … Habeas Court." (Scott Obj. at 7,

#686).) About a month later, on September 5, 2017, the Warren County Court denied Scott's motion for post-conviction relief, concluding that *res judicata* barred the legal issues he raised. (*Id.*, Ex. 14, #201). Fifty-three days later, on October 27, 2017, Scott filed a notice of appeal and a "Motion for Leave to File Delayed Appeal" to the Twelfth District Court on October 27, 2017. (*Id.*, Exs. 15–17, #202–09). The reason he sought leave to file this appeal as "delayed" was that his notice of appeal was outside the 30-day window that Ohio law provides for appealing final judgments. The appeals court, however, denied Scott's motion for leave on December 7, 2017, finding that, because the trial court clerk had never properly served Scott with the trial court's decision, Scott's appeal *was* timely and so Scott did not need leave to file a delayed appeal after all. (*Id.*, Ex. 18, #210).

Scott then filed his merit brief in his post-conviction proceedings with the Twelfth District, asserting a single assignment of error:

> Trial court erred by failing to make the requisite statutory findings pursuant to [Ohio Revised Code §] 2929.14(C)(4), prior to imposing consecutive sentencing, violating appellant's right of due process of law, as guaranteed by the 5th and 14th Amendment[s], United States Constitution; Section 16, Article 1, Ohio Constitution.

(*Id.*, Ex. 19, #214).

On June 18, 2018, the Twelfth District overruled Scott's assignment of error and affirmed the Warren County Common Pleas Court's judgment. (*Id.*, Ex. 22, #238–43). Scott then asked the Twelfth District to reconsider its decision, which the court denied on September 12, 2018. (*Id.*, Exs. 23–25, #244–51).

Less than a month later, on October 5, 2018, Scott filed a *pro se* notice of appeal to the Supreme Court of Ohio. (*Id.*, Ex. 26, #252–53). In his memorandum in support of jurisdiction, Scott raised a single proposition of law, which mirrored the assignment of error that he had recently asserted in the Twelfth District (*Id.*, Ex. 27, #255). On December 12, 2018, the Supreme Court of Ohio declined to exercise jurisdiction over Scott's case. (*Id.*, Ex. 29, #271).

Later that month, on December 24, 2018, Scott initiated this federal habeas action. He raises two grounds for relief:

> **GROUND ONE**: Due Process, as guaranteed by the 5th and 14th Amendment[s], United States Constitution, violated; Sect. 16, Art. 1, Ohio violated, Trial Court's failure to make the requisite statutory findings pursuant to [Ohio Revised Code §] 2929.14(C)(4), prior to imposing consecutive sentencing.

> **GROUND TWO**: Due Process, as guaranteed by the 5th and 14th Amendment[s], United States Constitution violated; Sect. 16, Ar. 1, Ohio Constitution, Sentence exceeds term authorized by law.

(Scott's Pet., Doc. 2, #6–7). After Respondent Warden of London Correctional Institution filed a Writ in Opposition to Scott's Petition (Doc. 9), Scott filed a Reply (Doc. 12).

On January 13, 2020, the Magistrate Judge issued an R&R advising the Court to deny Scott's Petition as untimely under 28 U.S.C. § 2244(d)(1) because: (1) Scott filed his Petition after the statute of limitations expired on August 16, 2014; and (2) no statutory or equitable tolling applies here. (R&R at 4–7, #668–71). Scott then timely filed an Objection. (Doc. 16).

## LEGAL STANDARD

If a party objects to a report and recommendation within the allotted time, the district court must review de novo any portion of the magistrate judge's report "that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Here, the petitioner is proceeding pro se. While a pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## LAW & ANALYSIS

### A.    The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year period of limitation applies to a petition for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period starts to run at the latest of four possible occurrences. *Id.* Here, the Magistrate Judge concluded that the first of the four events listed in the statute occurred last in this case, and thus was the event that triggered the limitations period. More specifically, that event is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The Magistrate Judge concluded that this event occurred for Scott on August 15, 2013. That was when the 45-day period expired for Scott to seek review in the Ohio Supreme Court of the Twelfth District's July 1, 2013 judgment that had dismissed his appeal challenging his conviction and

sentence. (R&R at 5, #669). Thus, the statute of limitations for Scott to file his habeas petition began running on August 16, 2013, the next business day after the sentence became final. (*Id.* (citing Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000))). The limitations period thus expired one year later, on August 16, 2014.

Moreover, the Magistrate Judge specifically found that the fourth possible event listed in Section 2244(d)(1)—"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" 28 U.S.C. § 2244(d)(1)(D)—either did not occur at all or, alternatively, occurred before—i.e., not later than—the close of Scott's direct review in state court on August 15, 2013, and thus was not the applicable triggering event. (*Id.*). In that regard, the Magistrate Judge concluded that Scott bases his habeas relief on alleged errors that occurred during sentencing, errors about which Scott was then aware. (R&R at 5, #669). The Magistrate Judge further explained that, even if Scott did not know the predicate facts regarding the alleged sentencing errors at the time of that proceeding, he would have discovered those facts before the close of his direct appeal had he exercised due diligence. (*Id.*).

In his objection to the Magistrate Judge's R&R, Scott takes issue with the Magistrate Judge's conclusion that the fourth statutory circumstance is not the relevant triggering event. First, Scott argues that he discovered the full nature of his claim's factual predicate only on August 2, 2017, when he filed his Motion to Correct Void Sentence and/or Judgment in the Warren County Court of Common Pleas.

(Scott's Obj. at 7, #686). Second, he claims that the fourth circumstance applies because he exercised due diligence in seeking habeas relief in state and federal courts. Both objections lack merit.

Consider Scott's first objection: his claim that he discovered the full nature of his habeas Petition's factual predicate on August 2, 2017, the date when he applied for state post-conviction relief. While he asserts this is true, Scott does not proffer any specific facts that he discovered on or around that date. Rather, he focuses on alleged legal errors that the trial court committed when sentencing him in May 2012. For example, Scott discusses specific Ohio statutes, rules for criminal procedure, and case law, all of which pertain to sentencing. (Scott Obj. at 4–6, #683–85). In doing so, Scott essentially reiterates his legal arguments for habeas relief, which, the Court notes, mirror his first and second rounds of appellate review in the Ohio courts (as further evidenced by the state trial and intermediate appellate courts' conclusions that his post-conviction arguments were barred by *res judicata*). Since Scott has not proffered any newly discovered facts for the Court to analyze under Section 2244(d)(1)(D), the Court construes the factual predicate of Scott's habeas relief to include only his sentencing proceedings before the state trial court in May 2012. As those proceedings of course occurred before the state appellate court reviewed them and entered judgment, Section 2244(d)(1)(D) was not the last of the four statutory circumstances to occur. Rather, the first of those circumstances, i.e., the date when his sentence became final (August 15, 2013), was the last to take place. Thus, absent any tolling,

Scott's statute of limitations commenced on August 16, 2013, and expired on August 16, 2014.

## B. The Equitable And Statutory Tolling Doctrines Do Not Apply Here.

In certain circumstances, statutory and equitable tolling apply to the AEDPA's limitations period. *Holland v. Florida*, 560 U.S. 631 (2010); 28 U.S.C. § 2244(d)(2). Of particular relevance here, under 28 U.S.C. § 2244(d)(2), the limitations period for filing a federal habeas petition is statutorily tolled during the pendency of a "properly filed application for State post-conviction relief or other collateral review." *Id.*

In the R&R, the Magistrate Judge concluded that Section 2244(d)(2) does not apply here because, although a properly filed application for state post-conviction relief may statutorily *toll* the limitations period, it can neither *revive* that period once it has already expired, nor otherwise *impact* the date when a petitioner's conviction became final under Section 2244(d)(1). (R&R at 5 n.2, #669 (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003))). For the reasons discussed above, Scott's limitations period expired on August 16, 2014, and he filed his State application for post-conviction relief more than three years later. Thus, the Magistrate Judge found that tolling under Section 2244(d)(2) could not be of assistance to Scott.

Scott objects to the Magistrate Judge's conclusion. He claims that Section 2244(d)(2) does in fact apply because he timely filed his application for State post-conviction relief. (Scott Obj. at 9, #688). Even accepting that assertion as true, however, whether Scott properly filed that application on August 2, 2017 is of no consequence here. Rather, the issue is whether Scott properly filed his state

8

application before August 16, 2014—the date on which the limitations period for seeking federal habeas relief otherwise expired. As there is no dispute that he did not file his State application until August 2, 2017, Section 2244(d)(2) offers Scott no support for his statutory tolling argument here.

Nor, as the Magistrate Judge correctly concluded, does equitable tolling bridge that gap. (R&R at 7–8, #671–72). Equitable tolling of the AEDPA's limitations period "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). Courts grant this remedy "sparingly." *Id.* at 784. The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id.* To do so, a habeas petitioner must show that: (1) he has pursued his rights diligently, and (2) an extraordinary circumstance prevented timely filing. *Id.*

The Magistrate Judge determined that, because Scott waited more than five years after his conviction and sentence became final—from August 16, 2013 until December 24, 2018—to file his federal habeas petition, he cannot now claim to have diligently pursued his federal rights. (R&R at 8, #672 (citing *Vroman*, 346 F.3d at 605)). Thus, the Magistrate Judge concluded that Scott is not entitled to equitable tolling.

In his Objection, Scott disagrees but does not explain how or why the Court can or should overlook his five-year delay in filing the federal habeas petition. He bears the burden of showing that he diligently pursued his rights, and yet has offered

no justification for missing his federal petition deadline by more than five years. Accordingly, the Court concludes that Scott has not established that he is entitled to equitable tolling.

The deadline for Scott to file his Petition was August 16, 2014. He instead filed on December 28, 2019. Thus, the Petition (Doc. 2) is time-barred.

## CONCLUSION

For the reasons above, the Court **OVERRULES** Scott's Objections (Doc. 16), **ADOPTS** the Magistrate Judge's R&R (Doc. 14), and **DENIES WITH PREJUDICE** Scott's Petition (Doc. 2). Moreover, as the Magistrate Judge further recommended, the Court **DENIES** Scott a certificate of appealability with respect to any claims Scott alleges in his Petition since "jurists of reason" would not disagree with the Court's procedural ruling here. Finally, the Court **CERTIFIES** that an appeal of this Order would not be taken in good faith, and thus, **DENIES** Scott leave to appeal *in forma pauperis* upon a showing of financial necessity.

**SO ORDERED.**

March 24, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**